Ronald A. Giller, Esq.
Jennifer A. Guidea, Esq.
Gordon & Rees, LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Telephone:  (973) 549-2500
Facsimile:  (973) 377-1911
rgiller@grsm.com
jguidea@grsm.com

*Attorneys for Plaintiff*
*NUANCE INDUSTRIES, INC*.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NUANCE INDUSTRIES, INC., a New York Corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>TEXKHAN, INC., a California Corporation,<br>          Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF** |

Plaintiff NUANCE INDUSTRIES, INC. ("Nuance" or "Plaintiff") files this Complaint for Declaratory Judgment against Defendant TEXKHAN, INC. ("Texkhan" or "Plaintiff").

### **NATURE OF THE ACTION**

1.      Nuance seeks a judgment declaring that any alleged copyright asserted by Texkhan with respect to Defendant's fabric design commonly known as HA-2313 is invalid and unenforceable.

2.      Texkhan has asserted that Nuance and others are infringing Texkhan's alleged copyright in HA-2313 by selling fabric and garments with a substantially similar design.  Nuance and others have denied, and continue to deny, that they have infringed any copyrights purportedly owned by Texkhan, including but not limited to the copyright registered by Texkhan

1

with respect to HA-2313.  Nuance further affirmatively contends that the copyright obtained by Texkhan with respect to HA-2313 was obtained through knowing, intentional, affirmative misrepresentation and active concealment by Texkhan upon the United States Copyright Office.  Nuance further affirmatively contends that had the inaccurate and hidden information been known, the Register of Copyrights would have refused registration with respect to HA-2313.

## THE PARTIES

3.	Nuance is a company organized and existing under the laws of the State of New York, with its principal place of business located in New York City, New York.

4.	Nuance is informed and believes, and upon such information and belief alleges, that Texkhan is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Los Angeles County, California.

## JURISDICTION AND VENUE

5.	This is an action for declaratory judgment arising under the United States Copyright Act of 1976, 17 U.S.C. §101 *et seq.* (the "Copyright Act"), and 28 U.S.C. §§2201 and 2202 (the "Declaratory Judgment Act").  Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338.

6.	Defendant Texkhan is also subject to the personal jurisdiction of this Court because said Defendant has regularly conducted business in the State of New York, including specifically with Plaintiff Nuance.  In addition, the false assertions of infringement of alleged copyright were directed to Plaintiff in the State of New York.  Thus, this Court has both general and specific personal jurisdiction over Texkhan.

7.	Venue of this action is proper in the Southern District of New York under 28 U.S.C. §1391(b)(1) and (2) because Texkhan is subject to the personal jurisdiction of this Court

in this Judicial District and thus qualifies as a resident of this Judicial District under 28 U.S.C. §1391(c)(2).  In addition, a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in the Southern District of New York.

## FACTUAL BACKGROUND

8. Nuance is a wholesale textile company that creates its own two-dimensional works of art that it uses as a fabric design and offers to its customers in exclusivity.  Nuance also markets and offers to its customers, fabric designs that Nuance obtains from a number of different suppliers, on a non-exclusive basis.

9. Nuance is informed and believes, and upon such information and belief alleges, that Texkhan is a wholesale textile company that markets, offers for sale, and sells to its customers various fabrics and designs.

10. The fabric design subject of this action was assigned by Texkhan an internal reference designation of HA-2313.  HA-2313 is, by all accounts, a "chevron" print.  A chevron print consists of inverted "v" shapes in what looks like a zigzag pattern.

11. Both in 2012, and for several years prior to 2012, chevron prints were very popular.  As of 2012, the print had been used for years, including in popular culture.  For example, chevrons were a very popular fashion design in the 1970s.  In recent years, chevrons made a comeback, and were used in everything from blouses, to skirts, to dresses, to handbags, to jewelry.

12. Because of the resurgence of chevrons, Nuance began carrying samples of many chevron prints, and marketed those prints to its customers.  For example, and without limitation, Nuance began selling the chevron print set forth below in **March 2008**.



## DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

13. In 2012, Nuance was receiving a number of inquiries from its customers for chevron prints. Wanting to be able to offer to its customers as many variations of chevron prints as possible, Nuance reached out to its vendors in Korea, China, and Taiwan, including Hyup Sung T.R.D. ("Hyup Sung"), to find out whether they could supply chevron prints.

14. Nuance is informed and believes, and upon such information and belief alleges, that Hyup Sung is now, and at all relevant times herein was, a company organized and existing under the laws of the Republic of Korea.

15. On August 10, 2012, Sandy Yang on behalf of Nuance sent an email to Hyup Sung asking if they could supply chevrons similar to an exemplar that Ms. Yang sent as an attachment to her email. That same date, August 10, 2012, Hyup Sung responded by telling Nuance that it had "similar pattern hangers" and sent an attached file with pictures of the design. Nuance understood and believed that the design depicted in pictures sent by Hyup Sung was in all material respects the same as the exemplar that Nuance had previously sent to Hyup Sung.

4

16. In its email, Hyup Sung did not state that the design was copyrighted, or otherwise registered, or that it was not open mill. Moreover, nowhere on the photographs that Hyup Sung sent as an attachment to its email is there a © symbol or any other notation that Nuance understand would signify that the designs had been registered. Additionally, the sample that Hyup Sung sent to Nuance, and that Nuance received, did not contain a © symbol or any other notation that Nuance understand would signify that the designs had been registered. *Id*.

17. Nuance came to understand that the design that Hyup Sung showed in the attachment to its email was HA-2313.

18. HA-2313 is at best a derivative work based on artwork purchased from some other artist. More specifically, authorized representatives of Texkhan have admitted, under oath, that HA-2313 was based on artwork depicting a Chevron design, which artwork was purchased by Hyup Sung in or about 2009. A true and correct copy of the Invoice confirming Hyup Sung's purchase of the subject artwork is attached hereto as Exhibit "A" and incorporated by reference. Authorized representatives of Texkhan have further admitted that HA-2313 is not an original design. Nuance further is informed and believes, and upon such further information and belief alleges, that any modifications that Hyup Sung or Texkhan claim or may claim were allegedly made to the purchased design were not original, and were not entitled to copyright registration.

19. Unbeknownst to Nuance, and not disclosed by either Texkhan or Hyup Sung to Nuance, in or about 2012, Texkhan (not Hyup Sung) registered HA-2313 with the United States Copyright Office, and obtained Registration Number VAu001100093 (the "Registration").

20. The Copyright Act requires applicants, such as Texkhan, registering a derivative work to provide "an identification of any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright

5

claim being registered." 17 U.S.C. § 409(9).  Nuance is informed and believes, and upon such information and belief alleges, that in applying for the Registration, Texkhan failed to disclose that it was not the author or, nor did it create, HA-2313.  In fact, Texkhan concealed in its application the identity of Hyup Sung, and affirmatively concealed Hyup Sung's role in the creation and ownership of HA-2313.

21. Moreover, in applying for the Registration, Texkhan failed to disclose that HA-2313 was not an original creation and, to the contrary, it was based on prior art.  More specifically, and without limitation, Hyup Sung failed to disclose, and affirmatively concealed, the fact that HA-2313 was based on artwork purchased by Hyup Sung from another, independent source.

22. Moreover, in applying for the Registration, Texkhan failed to disclose, and affirmatively concealed, the fact that HA-2313 was substantially similar to the prior artwork that Hyup Sung previously had purchased.

23. Moreover, in applying for the Registration, Texkhan affirmatively failed to disclose that it was only the Assignee of Hyup Sung's rights, if any there be, in and to HA-2313.

24. Moreover, in applying for the Registration, Texkhan affirmatively misrepresented, and affirmatively concealed, the fact that HA-2313 was not an original work of authorship.  To the contrary, HA-2313 represents and at all times represented a design that was and is neither unique nor proprietary, and a design that was substantially similar to other chevron prints that had been in the public domain for years.

25. Nuance is informed and believes, and upon such information and believe alleges, that had the Register of Copyrights know the true facts and circumstances with respect to HA-

2313, including but not necessarily those set forth above in Paragraphs 20-24, inclusive, the Registration would not have been issued to Texkhan.

26. On June 22, 2018, Defendant Texkhan commenced litigation against Nuance and others, asserting that Nuance and others infringed Texkhan's claimed copyright in HA-2313.

27. Accordingly, there now presently exists a justiciable controversy regarding Nuance's right to manufacture, offer for sale, or sell fabric with designs substantially similar to HA-2313 free from any allegation by Texkhan that such conduct constitutes and infringement of any copyright allegedly owned by Texkhan.

## FIRST CLAIM FOR RELIEF
(Invalidity of Copyright)

28. Plaintiff refers to and reasserts the allegations set forth above in Paragraphs 1 through 27, as though set forth in full herein.

29. This is an action for declaratory judgment arising under the Copyright Act, and the Declaratory Judgment Act.  As an actual justiciable controversy exists by way of the credible and actual threat of pending litigation, Plaintiff seeks immediate relief from this Court.

30. Plaintiff Nuance seeks and requests an order declaring that the alleged Registration is invalid and unenforceable for, *inter alia*, the following not all-inclusive reasons:

(a) an absence of sufficient creativity and originality to be entitled to copyright protection or registration;

(b) the existence of prior art which was not disclosed and was affirmatively concealed by Texkhan;

(c) the lack of ownership by Texkhan in the Subject Design;

(d) the misrepresentation by Texkhan of its status as owner of the Subject Design; and

7

(e) the Subject Design merely consists of a combination of known elements, components, depictions, and/or shapes, all of which are in the public domain, and none of which are entitled to copyright protection or registration.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

1. An order declaring the alleged Registration, Number VAu001100093, is invalid and unenforceable;

2. An order awarding Nuance its attorneys' fees, costs and other expenses incurred in connection with this action; and

3. An order awarding Nuance such other and further relief as this Court deems just and proper.

Dated:  May 9, 2018                                     **GORDON & REES LLP**

                                                    /s/*Ronald A. Giller*
                                                    Ronald A. Giller
                                                    Jennifer A. Guidea
                                                    18 Columbia Turnpike, Suite 220
                                                    Florham Park, NJ  07932
                                                    Phone: (973) 549-2500
                                                    Fax: (973) 377-1911
                                                    rgiller@grsm.com
                                                    jguidea@grsm.com

                                                    *Attorneys for Plaintiff*
                                                    *Nuance Industries, Inc.*